Brady, J.
This action was brought to recover a balance of $1,805.66 which was alleged to be due to plaintiffs from the defendants under an agreement dated January 2, 1880, whereby the defendants were constituted agents of the plaintiffs for the exclusive sale of the products of the plaintiffs’ factory, the plaintiff, agreeing to send to defendants for exclusive sale the whole of such products, excepting, however, enough to fill such orders as come to the plaintiff unsolicited by it. On March 3, 1881, the defendants rendered a statement of the goods sold by them during the months of December, 1880, and January and February, 1881, showing the amount received by them for the sale of the plantiffs’ goods. Accompanying this statement was a list of credits which they claimed should be deducted from the amounts received, some of which were allowed by the plaintiffs and some rejected. The different items in dispute were the subject of evidence pro and con, and received consideration from the referee, who disposed of them, in all respects but one, in a very intelligent and satisfactory way. We see no reason to interfere with the disposition made by him of any of the disputed items except one as already intimated. His opinion expressing his. reasons for the conclusions at which he arrived shows a thorough comprehension and appreciation of the items and the testimony bearing upon them, and a very careful and extended examination of the voluminous papers upon the appeal herein, has satisfied us that with the exception already noted his conclusions were correct. If the referee had not regarded the testimony of the president as sufficient to overcome the objections to the excepted item referred to, there would be *376 no interference whatever with his conclusions, but as to that item we think he was in error.
By the agreement as already suggested, the plaintiffs were to send their manufactures to the defendant exclusively for sale, excepting only such as were sold by them without solicitation. The defendants answered, setting up sales made by the plaintiffs amounting to $19,902.02 to the firm of Kennedy, Welling & Co., and claimed that they were entitled under the agreement to a commission of seven and one-half per cent, upon that amount, a claim which, undoubtedly, would exist, unless the goods in question were sold without solicitation. The reply to this claim was that the plaintiffs at the time of making the agreement, expressly excepted from it any contract which the plaintiffs might receive from the government of the United States for goods of their manufacture, and that before the agreement was entered into, they reserved the right to take any government contract without being liable to the defendants for any commission thereon, and that the defendants acquiesced and agreed to such exception; and, further, that they were received by them unsolicited, and therefore the defendants were not entitled to any commission. This statement was not correct, as demonstrated upon the trial. The fact was that the firm of Kennedy, Welling & Co. purchased the goods, and it was supposed by the plaintiffs that they were to fill contracts made between the government and the purchasers. The mistake was, therefore, one which is easily accounted for.
The learned counsel for the appellants seems to think that after such a statement, on the authorities cited by him, they were estopped from setting up any other state of facts. It is not necessary to consider this point, although it is regarded as of little value under the system of investigation which'now prevails in courts of justice in this state. The charge of sale by the plaintiffs having been established, in apparent violation of the agreement between them and the defendants, it was incumbent .upon the plaintiffs to show that the sales were made within the authority or reservation contained in the contract itself, which they undertook to do by examining their president for that purpose, who said upon the subject simply and only that the goods were sold without sofi'citation to his knowledge. If he had stated that the goods were sold without solicitation, and had not added the words “to my knowledge,” the testimony would have been sufficient to call from the defendants further evidence on the subject, if any could be given. It was clearly insufficient for one officer of a corporation to assert simply that to his knowledge there had been no solicitation. There would have been no difficulty if the fact was that *377 the sales were made without solicitation to have established it by. calling one of the purchasers, or the person who represented the purchasers at the time the sale was effected. As the case stands, there was an apparent violation by the plaintiffs in the sales made to the firm of Kennedy, Welling & Co., at their factory or elsewhere; and it was their duty to show that there was no such violation. This, on the evidence, they have failed to do. If, in other words, they sought to avail themselves of the exception which was provided for by the agreement, it behooved them to prepare to meet any demand that might arise from the exercise of the privilege, which was exclusively for their benefit.
There must be a new trial unless the plaintiffs consent to •deduct from the judgment the amount of commissions which the defendants would be entitled to on such sales, in which case it should be modified accordingly, and the judgment as so modified affirmed, without costs, to either party.
Daniels, J., concurs.